**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:03-CR-83-TS |
| | ) | |
| JAMES DRAKE | ) | |

**OPINION**

This matter is before the Court on a limited remand from the Seventh Circuit to "determine whether the court would have given Drake the same sentence under an advisory Guidelines regime." *United States v. Drake*, 456 F.3d 771, 772 (7th Cir. 2006).

**BACKGROUND**

On November 21, 2003, the Defendant, James Drake, was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On September 1, 2004, a jury found him guilty of the charged offense. On December 13, the district court conducted a hearing and sentenced the Defendant to 103 months of imprisonment and 3 years of supervised release. This sentence was within the guideline range of 92 to 115 months, which was derived from an offense level of 24 and criminal history category of V.

On December 16, 2004, the Defendant filed his Notice of Appeal. On August 8, 2006, the Seventh Circuit issued an opinion affirming the Defendant's conviction, but ordering a limited remand under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), for the district court to determine whether it would have issued the same sentence had it know the Guidelines were advisory.

On December 27, 2006, the Defendant filed a motion and brief in support of his position

that the Court should inform the Seventh Circuit that the Defendant's sentence may have been lower had it known that the Guidelines were not mandatory. On January 19, 2007, the government responded.

## DISCUSSION

In response to the limited remand question, the Defendant urges the Court to answer that it would have, or might have, imposed a different sentence. (DE 111 at 1.) In addition, he argues that, because he has never had a chance to present evidence or argument relating to the § 3553 factors, the principles of due process and fairness require that he be given a new sentencing hearing where he can fully present his arguments for a lower sentence. He contends that ratification of his previous sentence, which "was imposed under rules subsequently found to be unconstitutional and contrary to the 6th Amendment" would deprive him of his Fifth Amendment due process rights. (DE 112 at 9.)

The district court sentenced the Defendant before the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005), that the United States Sentencing Guidelines are advisory. In *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), the Seventh Circuit set forth the procedure to determine whether plain error occurred where a judge sentenced a defendant under the belief that the Guidelines were mandatory. The court determined that the way to ascertain if plain error occurred was to order a limited remand to "ask the district judge," 401 F.3d at 483, "whether he would (if required to resentence) reimpose his original sentence," *id.* at 484. If the sentencing judge indicates that he would, then the appellate court will affirm the original sentence against a plain-error standard if the sentence is reasonable. *Paladino*, 401 F.3d

2

at 483.

> If, on the other hand, the judge states on limited remand that he would have imposed a different sentence had he known the guidelines were merely advisory, we will vacate the original sentence and remand for resentencing. In formulating the statement (whether the judge's conclusion is that he would, or would not, adhere to the original sentence), the District Court should obtain the views of counsel, at least in writing, but need not require the presence of the Defendant, *see* Fed. R. Crim. P. 43(b)(3). Upon reaching its decision (with or without a hearing) whether to resentence, the District Court should either place on the record a decision not to resentence, with an appropriate explanation, or inform this court of its desire to resentence the defendant.

*Id.* (citations and quotation marks omitted).

In the course of the limited *Paladino* remand, "the district court is to consider the sentencing factors set out in 18 U.S.C. § 3553(a)" and determine whether it would reimpose the original sentence if it were required to resentence the defendant. *United States v. Re*, 419 F.3d 582, 583 (7th Cir. 2005). Among other things, § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to promote respect for the law, the need to provide just punishment for the offense, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the defendant.

The Defendant submits that the factors set forth in § 3553, particularly his history and characteristics and the nature of the offense, support a sentence below the advisory guideline range. First, he argues that his criminal history category of V "appears to overstate" his criminal history. (DE 112 at 3.) He notes that 6 of his 12 criminal history points stem from the same charge for dealing crack: 3 for the original crack offense; 2 for still being on probation for the crack offense when he committed the firearm offense; and 1 for committing the firearm offense less than 2 years following his release from custody for the crack offense. Therefore, the timing

3

of his offense increases his guideline range from 77 to 96 months to 92 to 115 months (if his offense level remains at 24).

The Court disagrees that the Defendant's criminal history category is overstated. Not only is a defendant with a past record of criminal conduct more culpable and, thus, deserving of greater punishment, but a defendant who commits an offense while on probation for another crime, and within a short time after release from imprisonment, demonstrates the need for a greater sentence. The sentence that is sufficient to promote respect for the law, afford adequate deterrence, and protect the public from further crimes of the defendant is greater for the defendant who, through previous experience, has demonstrated his tendency to engage in repeat criminal conduct. In essence, the Defendant has established by his conduct that previous terms of imprisonment have not been adequate to deter him from committing further criminal acts.

The Defendant also argues that the "seriousness of the offense" factor warrants a sentence below the guideline range because his offenses merely posed the "risk" of harm to others as opposed to involving actual violence or creating physical injury to another person. (DE 112 at 4.) However, the Defendant does not suggest how his gun offense was any less serious than other § 922(g)(1) offenses that typically come before this Court. Nor has he indicated how the Guideline range for his offense misrepresents the seriousness of the crime. A sentence outside the guideline range for the Defendant's firearm offense would do nothing to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6) (setting forth factor for court to consider when determining a particular sentence). To the contrary, it would create a disparity.

The Defendant also contends that the Guidelines allow "double counting" because his

two prior drug offenses both (1) establish his base offense level under U.S.S.G. § 2K2.1 and (2) increase his criminal history category. He further submits that one of the previous drug offenses could have been treated as a juvenile offense. This Court believes that to effectuate the purposes of punishment set forth in § 3553, it must consider the Defendant's previous offenses as they relate to his history as well as to the nature and circumstances of the offense. The seriousness of the Defendant's previous convictions has implications for both factors. Moreover, the crack cocaine dealing charge was not treated as a juvenile offense, perhaps because less than one year earlier the Defendant had a juvenile adjudication for dealing in marijuana.

In light of the determinants contained in § 3553, even with the knowledge that the sentencing guidelines were merely advisory, the Court would have sentenced the Defendant to 103 months of imprisonment, as such a term is sufficient, but not greater than necessary, to comply with the purposes of punishment set forth in § 3553. There is no aspect of the Defendant's offense or his personal history that is compelling enough to rebut the presumption of reasonableness that attaches to a sentence that is within the Guideline range. Further, nothing the Defendant presented in his brief necessitates that the Court conduct a hearing to make this determination. *See United States v. Rose*, 435 F.3d 735, 736–37  (7th Cir. 2006) (holding that judge who had presided over the defendant's trial and sentenced him and, therefore, was intimately familiar with the facts underlying the conviction and the defendant's background, was not required to hold hearing on *Paladino* remand, particularly where written arguments did not present possibility of testimony of extraordinary circumstances).

Accordingly, even if given an opportunity for resentencing, the Court would leave the Defendant's term of imprisonment unchanged.

Dated: January 26, 2007.

        s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT